# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**GENERAC POWER SYSTEMS, INC.,**

        **Plaintiff,**

  v.                          Case No. 12-C-66

**KOHLER CO.,**

        **Defendant.**

## DECISION AND ORDER

      This action brought by the Plaintiff, Generac Power Systems, Inc. ("Generac"), against the Defendant, Kohler Co. ("Kohler"), a competitor in the home-generator business who like Kohler, makes a 20 kilowatt ("kW") generator is before the Court on Generac's motion for reconsideration of the denial of its motion for a preliminary injunction and its response to the Court's order to show cause, and the parties' responses to this Court's request for supplemental briefing.

### Background

      By an April 14, 2012, Decision and Order, this Court denied Generac's motion for a preliminary injunction finding that, although Generac had established that Kohler's statement that the Generac Generator lacks a "Low-Speed Diagnostic Exercise," is literally false, Generac had not established that Kohler's statements in its marketing handbook met the

"commercial advertising requirement" of the Lanham Act. (Court's April 14, 2012, Decision and Order, 7, 9.) (ECF No. 23.) The Court also raised the issue of whether, in the absence of the Lanham Act claim it had subject matter jurisdiction over the action. (*Id.* at 10-11.)

In seeking reconsideration, Generac relies on additional factual information it has obtained and contends that the Court had improperly relied on the Seventh Circuit's decision in *First Health Grp. Corp. v. BCE Emergis Corp.,* 269 F.3d 800 (7th Cir. 2001). (ECF No. 24.) After Generac's motion was fully briefed, the Court requested supplemental briefing addressing the October 15, 2012, decision in *Neuros Co., Ltd. v. KTurbo, Inc.*, 698 F.3d 514, 521-23 (7th Cir. 2012). (ECF No. 30.)

**Analysis**

Having considered *Neuros,* 698 F.3d at 521-23, and the parties' supplemental briefs, the Court concludes Generac has established that the marketing handbook is a commercial advertisement within the ambit of section 43(a) of the Lanham Act. It follows that Generac has stated a Lanham Act claim and the Court has subject matter jurisdiction over this action.

In order to establish a claim of false or misleading advertising under § 43(a) a plaintiff must prove: (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false

2

statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a loss of goodwill associated with its products. *See B. Sanfield, Inc. v. Finlay Fine Jewelry Corp.,* 168 F.3d 967, 971 (7th Cir. 1999).

As noted, the Court found that Generac established that Kohler's statement that the Generac Generator lacks a "Low-Speed Diagnostic Exercise," is literally false. When the statement in question is actually false, the plaintiff need not show that the statement either actually deceived customers or was likely to do so. *BASF Corp. v. Old World Trading Co., Inc.,* 41 F.3d 1081, 1091 (7th Cir. 1994). There is also evidence that Kohler caused its statements to enter the stream of interstate commerce by mailing the marketing handbook to 1,237 Kohler dealers. (*See* Court's April 14, 2012, Decision and Order, 3.) Finally, proof of falsity is sufficient to sustain a finding of irreparable injury when the false statement is made in the context of comparative advertising between the plaintiff's and defendant's products. See 5 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition*, § 27:37 (4th ed. 2012)( "Where the challenged advertising makes a misleading comparison to a competitor's product, irreparable harm is presumed."); *North Am. Med. Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1228 (11th Cir. 2008).

3

With respect to the preliminary injunction,[1] Generac's initial motion requested that Kohler be enjoined from disseminating the offending materials and compelled to recall those materials. (ECF No. 3.) Kohler asserts that any injunctive relief has been rendered moot because its Handbook is no longer in circulation. (Kohler's Mem. Resp. to Generac's Supplemental Br. 5 (citing Melanie Tydrich[2] Decl. filed Dec. 14, 2012, ¶¶ 9-13).) (ECF No. 32.)

Indeed, the Tydrich declaration establishes that January 2012 was the only time that the Handbook was shipped to Kohler dealers. (Tydrich Decl. ¶ 9.) (ECF No. 33.) No further shipments were ever made. (*Id.*) On February 2, 2012, Kohler pulled the Handbook from its storage facilities, precluding further shipments. (*Id.* at ¶ 11.) Several weeks later, a new Marketing Handbook (the "New Handbook") was issued. (*Id.* at ¶ 12, Ex. A.) The New Handbook does not contain the statement this Court found false. (*See id.*) Further, the New Handbook was sent with instructions to Kohler dealers that it was a "replacement" for the old Handbook. (*Id.* at ¶ 13, Ex. B.) The Tydrich declaration was not filed until December 14, 2012.

---

[1] To justify a preliminary injunction, Generac must show that it is likely to succeed on the merits of its claims, that it is likely to suffer irreparable harm without an injunction, that the harm that it would suffer without an injunction is greater than the harm that preliminary relief would inflict upon Kohler and that the injunction is in the public interest. *See Michigan v. U.S. Army Corp of Engrs.*, 667 F.3d 765, 769 (7th Cir. 2011), *cert denied,* __ U.S. __, 132 S.Ct. 1635 (2012).

[2] Tydrich, Kohler's Senior Channel Manager of Residential/Portable Products, is responsible for marketing activities related to Kohler's residential products, including residential standby generators. (Tydrich Decl. ¶¶ 1-2.)

4

For over eleven months Kohler has not been distributing the Handbook with the false statement and that portion of Generac's preliminary injunction motion is moot. Nonetheless, Generac maintains that, to avoid the lingering impact of Kohler's false advertising, Kohler should be required to inform its dealers and distributers of the falsity of its statements and to instruct the dealers and distributers to destroy the Handbook.

Generac has established the likelihood of prevailing on the merits of its Lanham Act claim, and irreparable harm is presumed. Therefore, the Court is left with considering whether the harm that Generac would suffer without the injunction is greater than the harm that Kohler would suffer if it were granted.

In balancing the harms between Generac and Kohler, the Court employs a "sliding scale approach: [t]he more likely the plaintiff is to win, the less heavily need the balance of harms weigh in [its] favor." *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of Am., Inc.,* 549 F.3d 1079, 1086 (7th Cir. 2008). In its original opposition to Generac's preliminary injunction motion, Kohler argued that "given the narrow audience of the Marketing Handbook, and the absence of evidence regarding how the Handbook is used by dealers, the balance of harms does not favor Generac. The remote possibility of any loss of goodwill does not outweigh the harm to Kohler in having to take unnecessary corrective action and the harm to its reputation among its dealer network." (Kohler's Mem. Opp'n Generac's Mot. Prelim. Inj, 16.) (ECF No. 11.)

5

Generac has a strong probability of prevailing on the merits of its Lanham Act claim. The harm posed to Generac by any existing copies of the Handbook containing the false comparison is the potential that such false information will be disseminated. Kohler did not inform its dealers why it was providing the replacement handbook or direct them to destroy the prior version. Those remaining steps as requested by Generac are necessary to eradicate any residual effects in the marketplace that are due to Kohler's false advertising. This harm outweighs any harm that Kohler may suffer through the loss of reputation in its dealer network.

With respect to the public's interest, Kohler also argued that the public's interest in statements found in the comparative chart in the Handbook is "practically zero," because both Kohler and Generac provide consumers with ample advertising related to their respective standby generators. (*Id*.) However, it is always in the public's interest to have the truth rather that falsehoods injected into the stream of commerce. *Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 19 (7th Cir. 1992). Furthermore, corrective advertising is a less severe remedy that is supported by *Abbott Labs.*, 971 F.2d at 18. Thus, the Court will grant Generac's motion for a preliminary injunction to the extent that it will require Kohler to inform its dealers and distributers of the falsity of its January 2012, statement that the Generac Generator lacks a "Low-Speed Diagnostic Exercise," on the comparison chart of the Handbook and instruct its dealers and distributers to destroy any remaining copies or CDs of the Handbook.

6

Preliminary injunctions must comply with Fed.R.Civ.P. 65(d), which provides that "every restraining order shall set forth the reasons for its issuance; shall be specific in terms; [and] shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained." *Hispanics United of DuPage Cnty. v. Vill. of Addison*, 248 F.3d 617, 619-21 (7th Cir. 2001). *See also, Dexia Credit Local v. Rogan*, 602 F.3d 879, 884 (7th Cir. 2010); *United States v. Apex Oil Co., Inc.*, 579 F.3d 734, 739 (7th Cir. 2009). "The aims of Rule 65(d) are to minimize the occasion for follow-on proceedings to the issuance of an injunction and to protect defendants from being held in contempt for failure to follow a directive that was a trap because of its ambiguity." *Apex Oil Co., Inc.*, 579 F.3d at 739-40. The Court will require that the proposed preliminary injunction order be filed no later than February 11, 2012.

The parties have not addressed the amount of security to be required. *See* Fed. R. Civ. P. 65(c). The Court will also require the parties to file statements addressing the appropriate amount of bond.

Generac also requests an award of attorneys' fees based on its assertion that for eleven months Kohler has been consuming this Court's and Generac's time and resources by opposing the entry of an injunction against false statements that it already had ceased distributing. Although Generac cites no statute, rule or other legal authority in support of its request, the Lanham Act allows for fees in "exceptional" cases, 15 U.S.C. § 1117(a), which encompasses cases in which the acts of infringement are "malicious, fraudulent, deliberate or

7

willful." *See BASF Corp*., 41 F.3d at 1099. Generac has not demonstrated that an award of attorneys' fees is warranted. Therefore, its request is denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Generac's Motion for Reconsideration of Preliminary Injunction (ECF No. 24) is **GRANTED** to the extent stated herein;

Generac **MUST** draft a proposed preliminary injunction order consistent with this Decision and Order and then provide a copy to Kohler. Any agreed proposed preliminary injunction **MUST BE FILED** no later than **February 11, 2013;**

If the parties are unable agree on the terms of the preliminary injunction by the stated deadline, no later than **February 11, 2013**, Generac **MUST FILE** its proposed preliminary injunction order and Kohler **MUST FILE** its objections to that proposed order.

Kohler **MUST FILE** a brief statement on the amount of security no later than **February 4, 2013.** Generac **MUST FILE** any brief response to the amount of the bond no later than **February 11, 2013;** and

8

The Court's order to show cause has been satisfied by Generac's showing that this Court has subject matter jurisdiction.

Dated at Milwaukee, Wisconsin, this 22nd day of January, 2013.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

9