# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**GENERAC POWER SYSTEMS, INC.,**

      **Plaintiff,**

  v.                                         Case No. 12-C-66

**KOHLER CO.,**

      **Defendant.**

# DECISION AND ORDER

This matter is before the Court for consideration of the parties' submissions in the wake of this Court's January 22, 2013, Decision and Order granting to the extent stated in the Order the motion for reconsideration filed by the Plaintiff, Generac Power Systems, Inc. ("Generac"). (ECF No. 35.) The parties agree on the terms of the preliminary injunction. (ECF No. 38.) They disagree on the amount of the bond. (ECF Nos. 36-37.)

The Court begins by addressing the amount of the bond. Rule 65(c) of the Federal Rules of Civil Procedure requires that the grant of an injunction be conditioned upon the posting of security. *Roche Diagnostics Corp. v. Medical Automation Systems, Inc.*, 646 F.3d 424, 428 (7th Cir. 2011), cautions judges to "take care" that the bond is set high enough to cover the losses that their handiwork could cause. The appeals court's admonishment underscores the purpose of requiring a party obtaining an injunction to post security; that is,

to compensate the enjoined party, if it prevails on the merits, for the pecuniary harm caused by a preliminary injunction. *Ty, Inc. v. Publ'ns Int'l Ltd.*, 292 F.3d 512, 516 (7th Cir. 2002); *see also Cronin v. U.S. Dep't of Agric.*, 919 F.2d 439, 446 (7th Cir. 1990).

Because the damages caused by an erroneous preliminary injunction cannot exceed the amount of the bond posted as security, and because an error in setting the bond too high is not serious, the court of appeals has stated that district courts should err on the high side when setting bond. *See Habitat Educ. Ctr. v. U.S. Forest Serv.,* 607 F.3d 453, 456 (7th Cir. 2010); *Mead Johnson & Co. v. Abbott Labs.*, 201 F.3d 883, 888, amended, 209 F.3d 1032 (7th Cir. 2000). While setting the bond amount is within this Court's discretion, it may not simply chose a high figure for bond based on what it thinks is appropriate; instead, it must articulate its reasons for the figure chosen so that a reviewing court can determine whether such figure "was within the range of options from which one could expect a reasonable trial judge to select." *Gateway E. Ry. Co. v. Terminal R.R. Ass'n of St. Louis*, 35 F.3d 1134, 1141-42 (7th Cir. 1994) (quoting *United States v. Koen*, 982 F.2d 1101, 1114 (7th Cir. 1992)).

In light of the limited nature of the injunction, Defendant Kohler Co. ("Kohler") suggests that the Court set bond in the amount of $10,000. Generac asserts that because the Court has not ordered Kohler to cease any sales, offers for sale or any ongoing advertising activity, there will be no harm to Kohler that warrants a bond, and Kohler has not provided any concrete basis for its bond request. Generac cites two cases in support of its contention that it need not post bond. (Pl.'s Brief Statement Regarding Security Amount (citing *Jorgensen*

2

v. *Cassidy*, 320 F.3d 906, 919 (9th Cir. 2003); *Univ. Books and Videos, Inc. v. Metro. Dade Cnty.*, 33 F.Supp.2d 1364, 1374 (S.D. Fla. 1999).)

Neither case is persuasive. *Jorgensen* is not the law of this Circuit. The district court decision in *University Books and Videos* is, of course, not precedential. It is distinguishable because two of the three reasons the court cited for not requiring a bond are not present in this case; that is, (1) the party being enjoined was a county government that likely would not incur any significant cost or monetary damages from the issuance of the injunction, and (2) demanding a bond from the party seeking the injunction would injure the constitutional rights of the party or the public. *Univ. Books and Videos, Inc.,* 33 F.Supp. 2d at 1374.

Despite Generac's contentions, Kohler will incur expenses with respect to the mailings and destruction of the materials to comply with the Court's order. The $10,000 bond amount is reasonable, and will serve as an appropriate damage amount in the event that the preliminary injunction is found to have been issued in error.

With respect to the proposed preliminary injunction order, the Court has reviewed and approves, with minor changes, the following preliminary injunction order agreed to by Generac and Kohler, competitors in the home-generator business who both make 20 kilowatt generators.

3

Pursuant to its January 22, 2013, Decision and Order, this Court has found that Kohler has made a literally false statement about a Generac product in a commercial advertisement.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Kohler must, within 14 days of the date of this Order, communicate in writing with all its dealers and distributors who received copies of Kohler's January 2012 marketing handbook and advise them as follows:

    a. The statement in the comparison chart of the January 2012 handbook which stated that the Generac Generator lacks a "Low-Speed Diagnostic Exercise" was false;

    b. They must destroy any remaining copies of the handbook so as to eliminate all copies of the false statement, in whatever form, including any electronic copies and the CD on which it was originally distributed; and

    c. The communication may inform the dealers and distributors that the updated marketing handbook received by them in March 2012 need not be destroyed.

2. Kohler's written communication must be delivered to all its dealers and distributors in the same manner that Kohler delivered the January 2012 marketing handbook.

3. Kohler must provide Generac with a declaration confirming that the same parties that received the January 2012 marketing handbook have been sent Kohler's written communication.

4. A copy of Kohler's written communication must be served on Generac and filed with this Court.

5. This Order is conditioned upon Generac's giving security by depositing with the Clerk of Court the sum of $10,000 in a cashier's check or other certified funds within seven days of the date of entry of this Order to secure the responsibility of Generac to compensate Kohler for costs and other injury that the latter may incur should it be determined that Generac's preliminary injunction motion was improvidently granted.

Dated at Milwaukee, Wisconsin, this 14th day of February, 2013.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**